UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARNOLD BELL, PhD and<br>TERRI COOKSEY,<br><br>    Plaintiff(s),<br><br>vs.<br><br>LINCOLN COUNTY R-IV<br>SCHOOL DISTRICT, et al.,<br><br>    Defendant(s). | Case No. 4:09CV576 JCH |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Reinstate Count II of the First Amended Petition, filed March 2, 2010. (Doc. No. 18). The matter is fully briefed and ready for disposition.

By way of background, Defendants removed Plaintiffs' First Amended Petition for Damages ("Complaint" or "Compl.") to this Court on April 14, 2009. (Doc. No. 1). Plaintiffs' Complaint consisted of the following five claims for relief: Breach of Written Contract (Plaintiff Arnold Bell, PhD ("Bell") v. Defendant Lincoln County R-IV School District ("Lincoln County")) (Count I)[1]; Wrongful Discharge (Violation of Public Policy) (Bell v. Lincoln County) (Count II)[2]; Defamation (Bell v. Defendant Martha McAdams) (Count III); Wrongful Discharge (Violation of Public Policy)

---

[1] In Count I Plaintiffs alleged Defendants discharged Bell in breach of his contract, as the termination was without just cause. (Compl., ¶¶ 12, 14).

[2] In Count II Plaintiffs alleged Bell's termination was in violation of public policy, as Defendants discharged him due to his enforcement of federal law. (Compl., ¶¶ 19-22).

(Plaintiff Terri Cooksey ("Cooksey") v. Lincoln County) (Count IV); and Violation of Fair Labor Standards Act, 29 U.S.C. § 216(e) (Cooksey v. Lincoln County) (Count V).[3] (Doc. No. 3).

On April 21, 2009, Lincoln County moved to dismiss Counts II and IV of Plaintiffs' Complaint, on the basis that they were barred by the doctrine of sovereign immunity. (Doc. No. 5). Lincoln County further moved to dismiss Count II because Missouri did not recognize a claim of wrongful discharge for contract employees. (Id.). After ascertaining that Lincoln County's insurance policy did not provide coverage for the claims, Plaintiffs voluntarily dismissed Counts II and IV with prejudice. (Doc. Nos. 12, 13).

In the instant motion, Plaintiffs request leave to reinstate Count II of their Complaint, based on a change in Missouri law. (Doc. No. 18). Specifically, Plaintiffs note that on February 9, 2010, the Missouri Supreme Court reversed a line of decisions prohibiting contract employees from bringing claims of wrongful discharge/public policy violations. (Id., ¶ 4, citing Keveney v. Missouri Military Academy, 2010 WL 444882 (Mo. banc Feb. 9, 2010)). Plaintiffs contend Count II now properly stands as a claim that Bell's contract was breached in violation of public policy. (Id., ¶¶ 4, 6).

## DISCUSSION

### I. Does Count II Of Plaintiffs' Complaint Sound In Contract Or In Tort?

In their motion, Plaintiffs assert that because Bell was a contract employee, Count II of their Complaint sounds in contract rather than tort. (Doc. No. 19, PP. 1-2). Plaintiffs extrapolate that the claim may now be reinstated, as sovereign immunity is not available as a defense to breach of contract claims. (Id., P. 2, citing Kunzie v. City of Olivette, 184 S.W.3d 570, 575 (Mo. banc 2006)).

Upon consideration, the Court disagrees. In Keveney, the very case cited by Plaintiffs in support of their position, the Missouri Supreme Court refers to the wrongful discharge cause of

---

[3] Count V was filed in the alternative to Count IV.

action as the "tort of wrongful discharge." Keveney, 2010 WL 444882 at *2. See also Id. at *4 n.3 (emphasis added) ("There is no need to resolve this issue [of whether punitive damages should be available in a breach of contract action] in light of the availability of a *tort claim for wrongful discharge in violation of public policy*."). The Missouri Supreme Court continues to explain at length the need for both tort and contract causes of action, as follows:

> There are at least three compelling reasons for allowing contract employees to pursue an action for wrongful discharge in violation of public policy. First, limiting the wrongful discharge cause of action to at-will employees fails to recognize the distinct underlying purpose of the wrongful discharge cause of action. A breach of contract action enforces privately negotiated terms and conditions of employment. In contrast, the wrongful discharge action is premised on a conflict between the conditions of employment and constitutional, statutory, or regulatory provisions that are applicable irrespective of the terms of contractual employment....An employer's obligation to refrain from discharging an employee who refuses to participate in or conceal actions inconsistent with public policy does not depend on the terms and conditions of the employment contract.
>
> Second, given the distinct interests at issue in a wrongful discharge action, it follows that the remedies are distinct. An employee discharged in violation of an employment contract can recover the amount of income he or she would have earned absent the breach, less any income earned in the interim. If an employee is discharged for refusing to violate a public policy requirement, a breach of contract action satisfies private contractual interests but fails to vindicate the violated public interest or to provide a deterrent against future violations. When an employer's actions violate not only the employment contract but also clear and substantial public policy, the employer is liable for two breaches, *one in contract and one in tort*....

Id. (emphasis added) (internal quotations and citations omitted). Count II thus sounds in tort, and absent any applicable exception, is barred by the doctrine of sovereign immunity.

## II. Can Plaintiffs Establish That An Exception To The Doctrine Of Sovereign Immunity Permits Their Pursuit Of Count II?

Under Missouri law, public entities are entitled to sovereign immunity from tort claims unless: "1) the claimed injuries arose from an automobile accident in which public employees are involved; 2) the claimed injuries arose from the existence of a dangerous condition on public property; or 3)

under certain circumstances, the [public entity] has waived sovereign immunity by purchasing liability insurance." Parish v. Novus Equities Co., 231 S.W.3d 236, 245 (Mo. App. 2007), citing Mo.Rev.St. §§ 537.600, 537.610; Hummel v. St. Charles City R-3 School Dist., 114 S.W.3d 282, 284 (Mo. App. 2003). Where the public entity has procured insurance for tort claims, "sovereign immunity is waived only to the maximum amount of coverage provided by the policy and only for the types of claims covered by the policy." Parish, 231 S.W.3d at 246 (citations omitted). Missouri courts construe any such waiver of sovereign immunity narrowly. Topps v. City of Country Club Hills, 272 S.W.3d 409, 415 (Mo. App. 2008).

> Because the liability of a public entity for torts is the exception to the general rule of sovereign immunity, a plaintiff must specifically plead facts demonstrating that the claim is within an exception to sovereign immunity. Thus, to penetrate a claim of immunity under section 537.610.1, a plaintiff is required to demonstrate the existence of insurance and that it covered the plaintiff's claim.

Hummel, 114 S.W.3d at 284 (citations omitted). Finally, "a public entity retains its full sovereign immunity when the insurance policy contains a disclaimer stating that the entity's procurement of the policy was not meant to constitute a waiver of sovereign immunity." Parish, 231 S.W.3d at 246 (citation omitted).

In the instant case, the insurance policy at issue contains the following relevant provision:

**EXCLUSIONS**

19. This Coverage Agreement does not apply to and we are not liable for:....

k. any **Claim** barred by the doctrines of sovereign immunity or official immunity (other than attorneys' fees and other litigation expense incurred in defending the **Claim**) and nothing in this Document shall constitute any waiver of whatever kind of the defense of sovereign immunity;....

(Doc. No. 24-1, PP. 9, 11). The policy thus explicitly states Lincoln County's purchase of the insurance policy did not constitute a waiver of its sovereign immunity. Parish, 231 S.W.3d at 246.

Count II of Plaintiffs' Complaint thus does not fall within the exception to the general rule of sovereign immunity allowing recovery for damages to the extent of insurance carried, and so the Court will not reinstate it at this time. Id.; see also State ex rel. Bd. of Trustees of City of North Kansas City Memorial Hosp. v. Russell, 843 S.W.2d 353, 360 (Mo. banc 1992) (same).[4]

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Reinstate Count II of the First Amended Petition (Doc. No. 18) is **DENIED**.

Dated this 9th day of April, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[4] As further support for its ruling, the Court reiterates Plaintiffs themselves conceded in an earlier filing that the insurance policy provides no coverage for the claim in Count II. (See Doc. No. 12, ¶ 4).